UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-128-R

PAUL HAROLD HAYES,                                                  PLAINTIFF

v.

PHILIP MORRIS USA INC.,                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant Philip Morris USA Inc.'s Motion to Dismiss (Docket #5). Plaintiff Paul Harold Hayes responded (Docket #14) and filed a First Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a) (Docket #15). Defendant then filed Motion to Dismiss Plaintiff's First Amended Complaint (Docket #17). Plaintiff has responded (Docket #20). Defendant has replied (Docket #21). For the foregoing reasons, Defendant's Motion to Dismiss is DENIED as moot. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is DENIED.

## BACKGROUND

Defendants original motion to dismiss concerned Plaintiff's original complaint, which has been amended. Therefore, the first motion to dismiss is now moot.

Defendant argues that Plaintiff's amended complaint, on its face, fails to state a cause of action that is not time barred by Kentucky's statute of limitations. Additionally, Defendant states that Counts 3 and 4 must be dismissed under the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaints factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Powell v. Jacor Communications Corporate,* 320 F.3d 599, 601-02 (6th Cir. 2003).

Under Kentucky law, Plaintiff must commence his cause of action for personal injury within one year of the accrual of the action. Ky. Rev. Stat. § 413.140(1)(a). In latent disease cases, the accrual of the action occurs when the plaintiff discovers or , in the exercise of reasonable diligence, should have discovered that he has been injured and that his injury may have been caused by the defendant's conduct. *Louisville Trust Co. v. Johns-Manville Products Corp.,* 580 S.W.2d 497, 501 (Ky. 1979).

## DISCUSSION

### I. Statute of Limitations

Defendant states that on the basis of the pleadings, Plaintiff's allegations establish a time line of events that clearly show that  the statute of limitations has run in this case. First, Plaintiff's original complaint stated that Plaintiff was suffered personal injuries as a direct and proximate result of his cigarette smoking no later than 1977. However, the allegation is that he was injured by Defendant's conduct, not that he was aware in 1977 that he was injured by Defendant's conduct. Second, Plaintiff was twice warned by doctors after suffering a heart attack that he should stop smoking. Therefore, Defendant believes that Plaintiff knew, or reasonably should have known, that he was injured and his injuries were caused by Defendant's conduct.

Plaintiff argues that Defendant's public statements prevented him from being aware that Defendant's conduct caused his injuries. In support of this, Plaintiff lists numerous public

statements and press releases concerning the dangers of smoking that Plaintiff claims prevented him from knowing that Defendant's conduct had injured him. Accepting all of Plaintiff's allegations as true and construing the complaint in the light most favorable to Plaintiff, the Court cannot find as a matter of law that Plaintiff can prove no set of facts that would bring this action within the statute of limitations. Although discovery may well support Defendant's argument, dismissal of this action is not appropriate at this time.

**Rule 9(b)**

Defendant argues that Counts III and IV are not pled with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). However, Count IV list numerous factual statements which Plaintiff claims are fraudulent. The inclusion of these statements in the complaint give Defendant notice of what statements Plaintiff believes caused him his injuries. While Count III does not include such a list, it is clear that the same statements in Count IV are also the statements that caused Plaintiff his injuries in Count III.

## CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is DENIED. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is DENIED.

An appropriate order shall issue.